UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SCOTT MARTIN KADIK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 6:18-cr-306-HRW-MAS |
| v. ) | |
| ) | |
| PERRY COUNTY, DEPARTMENT OF ) | |
| CORRECTIONS, and TODD COUNTY ) | |
| DETNETION CENTER, ) | |
| ) | |
| Respondent. | |

## REPORT AND RECOMMENDATION

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has completed an initial review of Scott Martin Kadik's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Based upon that review and the current record before the Court, the undersigned recommends the District Court dismiss the Petition because the Petition is time-barred.

### I. RELEVANT FACTS

Petitioner Scott Kadik pleaded guilty in Perry County, Kentucky, to one count each of receiving stolen property under $10,000, first degree criminal mischief, third degree assault, first degree fleeing or evading, second degree fleeing or evading, resisting arrest, giving an officer a false name or address, second degree possession of a controlled substance, and two counts of wanton endangerment. He was sentenced to a total of seven years incarceration in November 2012. The charges arose from an altercation with the investigating officer after Kadik stole credit card authorization sheets from a hotel in Hazard, Kentucky. In 2013, Kadik pled guilty to federal charges related to the credit card scheme. A review of Kadik's federal case, *United States v. Kadik*,

6:13-cr-36-GFVT-HAI, revealed Kadik has been in and out of prison from 2012 until the present, on state parole violations and federal supervised release violations. On October 8, 2018,[1] Kadik filed the instant Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his Petition, he claims he has served his state sentence and continues to be incarcerated based on restitution and absconding issues.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") subjects section § 2254 petitions to a one-year limitation period. 28 U.S.C. § 2244(d). Specifically, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam).

*Id.* Per his Petition, the date of Kadik's judgment and sentencing was November 29, 2012.[2] Thus, his judgment became final on December 29, 2012, when his 30-day appeal window closed. *See* RCr 12.04. Kadik admits he did not file a RCr 11.42 motion. [Petition, DE 1 at ¶¶ 9 and 13.]

Over 2,000 days – nearly six years and certainly more than one year - elapsed between Petitioner's judgment becoming final and the filing of the Petition on October 8, 2018. Kadik does not argue that equitable tolling should apply to his situation, and based on the record, the Court finds no reason to consider it further.

Kadik vaguely implies that the facts supporting his second ground for habeas relief did not arise until sometime in 2017, when he violated his federal supervision release and consequently had his term of supervision revoked. [DE 1 at ¶ 18.] Kadik states:

> I have served this sentence out day for day without any good time. The state took back 1,862 days of which only 469 were mertious [*sic*] good days, effectively turning this into a life sentence for absconding 57 days and missing two 50.00 dollar payments.

[DE 1 at ¶ 12.] Kadik's above complaint about the imposition of his sentence, including parole revocation or restitution issues, is a complaint about his original seven-year state sentence, rather than a new circumstance or factual predicate to his claim. As noted above, the statute of limitations to file a petition for habeas relief from his original sentence has long expired.

---

[2] In Kadik's petition, he states his judgment of conviction was entered January 17, 2012, and his date of sentencing was November 29, 2012. Upon review of Kadik's federal case arising out of the same circumstances as the state case, it appears January 17, 2012, was the date upon which the offense occurred. The Court could not confirm the sentencing date of November 29, 2012, but confirmed that Kadik pleaded guilty and was sentenced sometime between January 17, 2012, and June 3, 2013, when he was paroled on the instant state offense. Accordingly, the Court will use the later date Petitioner pled, November 29, 2012, for purposes of making the timeliness determination. *See United States v. Kadik*, 6:13-cr-36-GFVT-HAI, Defendant's Objections to the Presentence Report, DE 35, PID 139–40.

Further, Kadik's Petition must be denied because it is deficient on its face. Kadik does not specify the type of relief requested, as required by Rule 2(c)(3) of the Rules Governing § 2254 Cases ("The petition must: . . . state the relief requested[.]"). [DE 1, prayer for relief left blank.] This ground only further supports dismissal.

### III. CERTIFICATE OF APPEALABILITY

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the undersigned recommends the District Court dismiss Kadik's Petition without requiring a response from Respondents. Rule 4 of the Rules Governing § 2254 Cases. The Supreme Court has held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The timeliness of Kadik's Petition, filed almost six years after his judgment became final with no equitable tolling, is not debatable on the record before the Court. *Id*.

### IV. RECOMMENDATION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred Petition [DE 1] **WITH PREJUDICE** and **DENY** a certificate of appealability. The Court further recommends the District Court **GRANT** the Motion to Dismiss Todd County Detention Center [DE 15], if the same is not mooted by dismissal of the Petition. Within fourteen days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of

further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).

Entered this 26th day of December, 2018.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge