UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISON

| | |
|---|---|
| SCOTT MARTIN KADIK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 6:18-cr-306-HRW-MAS |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| PERRY COUNTY, DEPARTMENT OF ) | |
| CORRECTIONS, and TODD COUNTY ) | |
| DETNETION CENTER, ) | |
| ) | |
| Respondent. | |

\*\*    \*\*    \*\*    \*\*    \*\*

Defendant/Movant Scott Martin Kadik, proceeding *pro se*, filed a motion he styled as a "Motion Writ of Mandamus to Vacate Set Aside or Correct Sentence." [DE 23]. It appears Kadik seeks relief from the District Court's Order dated January 23, 2019, dismissing Kadik's Petition for Wit of Habeas Corpus pursuant to 28 U.S.C. § 2254. [DE 20]. Kadik attempts to circumvent his procedural hurdles by requesting a "writ of mandamus to vacate set aside or correct sentence."

### I.     Background

Petitioner Scott Kadik pled guilty in Perry County, Kentucky, to one count each of receiving stolen property under $10,000, first degree criminal mischief, third degree assault, first degree fleeing or evading, second degree fleeing or evading, resisting arrest, giving an officer a false name or address, second degree possession of a controlled substance, and two counts of wanton endangerment. He was sentenced to a total of seven years incarceration in November 2012. The charges arose from an altercation with the investigating officer after Kadik stole credit card authorization sheets from a hotel in Hazard, Kentucky. In 2013 Kadik pled guilty to federal charges related to the credit card fraud. Kadik has been in and out of prison from 2012 until the present, on state parole violations and federal supervised release violations. On October 8, 2018,

Kadik filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming he served his state sentence and continues to be incarcerated based on restitution and absconding issues. Pursuant to 28 U.S.C. § 636(b), the undersigned recommended the Court deny the petition as untimely. [DE 18]. Neither party filed objections to the Report and Recommendation. The District Court adopted the Report and Recommendation and dismissed the petition. [DE 20].

II. Analysis

a. Writ of Mandamus

It is not clear whether Kadik seeks a writ of mandamus against the District Judge in this case or against the Kentucky Department of Corrections.[1]  To the extent Kadik seeks a writ of mandamus against the Kentucky Department of Corrections or the state court judge who imposed his sentence, this Court has no jurisdiction to grant such a request.[2] "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970).

---

[1] Kadik appears to ask that this Court vacate his state parole. "The issue that this Petitioner [sic] is begging the Court to Look into is the Kentucky Department of Parole and Probation as well as the Department of Corrections taking 1862 days, which it states 439.563 for absconding and arreages [sic], which nothing in that statues [sic] states that they can deduct time spent in custody." [DE 23, Page ID # 83]. In his prayer for relief, Kadik states: "For the foregoing reason this Petitioner [sic] is begging this Court to return the 1845 days took in error vacate this sentence where as this Petitioner [sic] is not attacking collaterally the 7 year sentence only the 60 months added on 7/10/2018." However, Kadik also objects to this Court's determination that his § 2254 petition was untimely. [*See* DE 23 at Page ID # 84].

[2] Furthermore, neither the Kentucky Department of Corrections nor the state court judge are parties to this action.

To the extent Kadik seeks a writ of mandamus against the District Judge in this Court, that matter will have to be addressed at the Sixth Circuit Court of Appeals.  "Reference to a district court's purported power of appellate mandamus seems oxymoronic, as a district court is a trial level court in the federal judicial system. It generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts." *United States v. Choi*, 818 F.Supp.2d 79, 85 (D.D.C. 2011).  It follows, of course, that this Court cannot exercise mandamus power over itself.

b. **Rule 60(b)**

The other possible construction of Kadik's motion is that it is a motion under Fed. R. Civ. P. 60(b) for relief from a Judgment or Order.[3]  Kadik argues his motion was not time-barred because he did not know until July 2018 that he was going to be subject to KRS 439.344 and that it would result in credit for his time on parole being withheld while he has an arrearage on his restitution obligation.  Kadik claims he "could not have for seen [sic] the future and known ahead of time that the D.O.C. would change his maximum expiration date from January 18, 2019 to February 15th of 2024." [DE 23 at Page ID # 84].  The Court finds this is not "newly discovered

---

[3] In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court of the United States discussed how a Court should determine whether a motion in this circumstance is a second or successive petition for habeas corpus or a true Rule 60(b) motion.  The Court held that a Rule 60(b) motion should be treated as a second or successive habeas petition when it advances one or more "claims." The Court noted that such a motion does not bring a "claim" when the movant "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez v. Crosby*, 545 U.S. 524, 532 at n. 4 (2005).  In *Gonzalez*, the petitioner challenged the district court's application of the statute of limitations to his habeas petition.  The Court confirmed it was appropriate to treat the motion as one under Rule 60(b) and not as a new habeas petition. *Id.* at 533.  ("If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.")

evidence" as contemplated in Rule 60(b)(2); this is the same claim Kadik raised in his § 2254 petition. As the Court noted in the Report and Recommendation, Kadik knew of his sentence of incarceration, restitution, and potential parole at the time he was sentenced in November 2012. The version of KRS 439.344 applicable to Kadik's parole became effective April 12, 2010. Intervening events, such as Kadik's federal prosecution, subsequent state prosecution for an unrelated crime, and parole violation for absconding (which he does not dispute), are not matters that can be addressed in a petition for relief from his original state sentence. Accordingly, the Court finds that Kadik has not brought forth any newly discovered evidence to justify relief pursuant to Rule 60(b).

### III. Conclusion

For the reasons discussed herein, the Court **RECOMMENDS** that the District Court **TRANSFER** Kadik's Motion for a Writ of Mandamus [DE 23] to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. Alternatively, to the extent the District Court finds this to be partially or wholly a motion made pursuant to Rule 60(b), the Court recommends the District Court deny the motion.

Within fourteen days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).

Entered this 7th day of March, 2019.

